CENTURY FOOD MARKETS CO., Plaintiff-Appellant, v. NATIONWIDE MUTUAL INSURANCE CO., Defendants-Appellees, MANUFACTURERS & MERCHANTS INDEMNITY CO., n. k. a. SELECTIVE INSURANCE CO., Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 4008.   Decided October 28, 1958.

George M. Jones, Youngstown, for plaintiff-appellant and defendant-appellant.

William E. Pfau, William E. Pfau, Jr., Youngstown, for defendant-appellee, Nationwide Mutual Insurance Co.

## OPINION

By PHILLIPS, J.

Plaintiff, Century Food Markets Co., called Century, and defendant, Manufacturers & Merchants Indemnity Co., now known as Selective Insurance Company, called Selective, appealed on questions of law from a judgment of the court of common pleas in case number 15128 dismissing plaintiff's action for a declaratory judgment.

The agreed statement of facts upon which Century's action was submitted to the court of common pleas discloses that the left hand of defendant, Mike Stanish, called Stanish, was injured on September 14, 1956, when an employee of Century closed the door of Stanish's auto-

mobile on his hand while loading therein purchases Stanish had made from Century.

Stanish in case number 151068, entitled Mike Stanish v. Century Food Markets Company, sued Century to recover damages for the injuries he sustained.

When Stanish commenced such suit to recover damages for his injuries allegedly caused by the negligence of Century's employee Stanish was insured against liability by Nationwide Mutual Insurance Company, called Nationwide, formerly known as Farm Bureau Automobile Insurance Company, called Farm Bureau, and Century was insured by Manufacturers & Merchants Indemnity Company.

Century notified the attorneys for Selective of the incident in which Stanish allegedly was injured, and after much negotiation between the parties, unnecessary to state here, Century notified Stanish's insurer, Nationwide, on February 13, 1957, of the occurrence of the incident and requested Nationwide to defend Stanish's action against Century. On February 19, 1957, Nationwide denied coverage to Century and stated the incident occurred because of Century's operation.

Thereafter Century commenced the action from which this appeal is taken for declaratory judgment asking the court to hold that the liability policy of Farm Bureau on the automobile of Stanish extended coverage to Century in the action brought by Stanish against Century.

Selective's policy of insurance issued to Century provides inter alia as follows:—

"Coverage B. Bodily injury liability—except automobile. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law, or assumed by him under contract as defined herein, for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons and caused by accident. * * *

"13. Other insurance. If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to such automobile or otherwise.

In its policy issued to Stanish Farm Bureau agreed:—

"Coverage F.—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by the accident and arising out of the ownership, maintenance or use of the automobile."

Farm Bureau's policy under purposes of use defined "use" as follows:—

"(c) Use of the automobile for the purposes stated includes the loading and unloading thereof."

Under the definition of "insured" that policy stated:—

"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the Named Insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the Named Insured or with his permission."

Farm Bureau's policy further provides:—

"* * * if the Insured has other insurance against a loss covered by this policy the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss. * * *

"When an accident occurs written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable. * *.*

"The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident. * * *

"No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy."

On the foregoing facts Century and Selective contend that the trial judge erred to their prejudice in dismissing Century's petition for declaratory judgment and overruling their motion for new trial and entering judgment against them.

Century and Selective argue that coverage on the Stanish automobile was extended to Century, the additional assured, and contend that the provisions of Nationwide's policy quoted supra, together with the unquoted provision to "defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false, or fraudulent," and the further provision "but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient" afforded coverage to Century on the automobile of Stanish. Century and Selective claim this is one of the principal questions presented.

On the question that Nationwide coverage extended to Century appellants reason:—

"a. Century becomes an insured under the terms of the policy. It is agreed that the employee of Century was acting within the scope of his employment, therefore, when we are talking about the alleged tort feasor, we are speaking of Century itself. The facts are agreed upon that Century was loading Mr. Stanish's automobile at the time that the injuries occurred to Mr. Stanish's left hand.

"b. The act of Century in loading the automobile owned and operated

by Mr. Stanish and insured by Nationwide was done with the express permission of the named insured, Mr. Stanish. This fact is not controverted.

"Thus, we have a situation wherein Century was loading an automobile with permission of the named insured wherein an injury resulted and thus, by the terms of the policy, Nationwide is obliged to come in and defend and assume any legal liability on the part of Century for the injuries sustained by Mr. Stanish."

Nationwide contends generally that the main purpose of the declaratory judgment action was to require Nationwide to take over the defense of this case and the trial court held, in substance, that regardless of the ultimate coverage between the companies, the Manufacturers could not avoid its obligation to defend the action.

Nationwide takes issue with the following statement contained in the opinion of the trial judge:—

"To say the least, for a named assured to make claim under a policy issued to protect him, on the ground that it covers the liability of another using the car by loading it with his permission is inconsistent with the position of the named assured for whose protection the policy was primarily issued; especially since action was taken against Nationwide at the instance of a representative of Manufacturers which covered the public liability of Century to Stanish."

As stated by the trial judge in his opinion "lack of notice as required by" Nationwide's "policy" is without merit. The trial judge further said:—

"Whether notice as required by the policy was or was not given is a question of fact for the jury. The facts as stated in the agreed statement are not such that I can determine the question as one of law. Nationwide, if held to cover plaintiff's claim can raise the question of notice in the usual way if it should defend under a reservation of rights and a supplemental petition is filed under §3929.06 R. C."

We are impressed with and concur in the following statement contained in the trial court's opinion supporting his decision:—

"The petition prays for an order declaring that Nationwide should take over and defend the action by Stanish against Century. Even if Nationwide were held to have covered the accident, it was also covered by the policy to Manufacturers. The provisions in the latter's policy relating to other insurance merely concern the sharing of liability. An obligation to defend is still upon Manufacturers. I, therefore, decline to make a determination which in effect would throw the entire burden of defense upon Nationwide."

We have studied the record, assigned grounds of error, contentions. and oral arguments and briefs of counsel for the respective parties carefully, and conclude that the judgment of the trial court must be and hereby is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur.